NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2777
_____

JIN MEI LIN,
Appellant in Civil No. 2-11-cv-06373

v.

SECRETARY UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;
ALEJANDRO MAYORKAS, Director U.S. Citizenship & Immigration Services;
EVANGELIA A. KLAPAKIS, Filed Office Director U.S. Citizenship & Immigration
Services

XIAO LIN,
Appellant in Civil No. 2-11-cv-06374

v.

SECRETARY UNITED STATES DEPARTMENT
OF HOMELAND SECURITY;
ALEJANDRO MAYORKAS, Director U.S. Citizenship & Immigration Services;
EVANGELIA A. KLAPAKIS, Field Office Director U.S. Citizenship & Immigration
Services
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. Nos. 2-11-cv-06373, 2-11-cv-06374)
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 17, 2015

Before: RENDELL, FUENTES, BARRY, *Circuit Judges*

_____

OPINION[*]
_____

FUENTES, *Circuit Judge*:

Jin Mei Lin and Xiao Lin brought this suit challenging the Department of Homeland Security's denial of their naturalization applications. The District Court granted summary judgment to the defendants, and, on appeal, we will affirm.

The plaintiffs are siblings, natives of China, and Chinese nationals. Their father, Hai Rui Lin, is also a native of China and a Chinese national. In February 1999, Hai Rui Lin married U.S. citizen Tina Chu, a person with whom he had little previous contact, in China. The following day, Chu returned to the United States, but she filed I-130 Petitions to admit into the United States Hai Rui Lin as her husband and the plaintiffs as her stepchildren. In May 2001, the plaintiffs applied to the U.S. Consulate in China for immigrant visas and alien registrations. Their applications were approved by consular process, they obtained Legal Permanent Resident status, and they entered the United States shortly thereafter. Though the plaintiffs stated on their applications that they intended to live with Chu in California, two weeks after arrival they relocated to Philadelphia to live with their father's brother. Hai Rui Lin and Chu formally divorced in November 2002.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2006, the plaintiffs filed the N-400 Applications for Naturalization that are at issue in this appeal. The government denied the applications on the basis that, though the plaintiffs were admitted to the country as lawful permanent residents, the admission was based on a sham marriage. The plaintiffs then filed an N-336 Request for Hearing. The government again denied their applications, specifically noting that the only evidence produced by the plaintiffs to show that the marriage between their father and Chu was bona fide was assorted phone bills and envelopes that Chu sent to Hai Rui Lin without contents, along with limited travel records for Chu. The plaintiffs then filed the instant suits in the Eastern District of Pennsylvania seeking de novo review of the denial of their naturalization applications. Agreeing with the government that the marriage supporting the applications was indeed a sham, the District Court granted summary judgment to the defendants.[1]

On appeal, the plaintiffs point to nothing tending to show that the marriage between Chu and Hai Rui Lin was legitimate. Eligibility for naturalization depends on the applicant's lawful admission for permanent residence, and we have held that a person has not been lawfully admitted for permanent residence if that status is obtained by fraud.[2] We thus agree with the District Court's conclusion that, "[v]iewing the undisputed facts in a light most favorable to Plaintiffs, it is clear that Hai Rui Lin and Tina Chu did not

[1] The District Court had jurisdiction under 8 U.S.C. § 1421. We have jurisdiction over the final order of the District Court under 28 U.S.C. § 1291.

[2] *Gallimore v. Attorney General of U.S.,* 619 F.3d 216, 224-25 (3d Cir. 2010); 8 U.S.C.

intend to establish a life together, and therefore Jin Mei Lin and Xiao Lin cannot demonstrate their eligibility for naturalization."[3] Meanwhile, though the plaintiffs' brief invokes the Administrative Procedure Act, that Act is inapposite where, as here, there are independent statutory provisions providing for judicial review of an agency's decisions.[4]

For substantially the same reasons given by the District Court, we will affirm.

---

§§ 1427, 1429.

[3] *See Jin Mei Lin v. Napolitano,* Nos. CIV. A. 11-6373, -6374, 2013 WL 2370588, at *4 (E.D. Pa. May 31, 2013).

[4] 5 U.S.C. § 704; *Bowen v. Massachusetts,* 487 U.S. 879, 903 (1988).